UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| William Small, Jr., | ) | CASE NO.: _____ |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **COMPLAINT** |
| Walgreen Co., | ) | **(Jury Trial Requested)** |
|     Defendant. | ) | |

## **JURISDICTION AND PARTIES**

   1. This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.* and for racial discrimination under 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964.

   2. All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5, 42 U.S.C. §1981 have occurred or been complied with.

      a.    A charge of employment discrimination on the basis of racial discrimination and retaliation was filed by the Plaintiff with Equal Employment Opportunity Commission (EEOC).

      b.    Notification of the Right to Sue was received from the EEOC on or about April 15, 2024.

      c.    This Complaint has been filed within the 90 days of receipt of the Notice of Right to Sue from EEOC.

   3. Plaintiff, William Small, Jr., is a citizen and resident of the State of Georgia, and resides in Chatham County, Georgia.

   4. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

   5. Defendant, Walgreen Co., upon information and belief, is a foreign corporation organized in the State of Illinois and operating under the laws of the State of South Carolina.

   6. Defendant is "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

   7. Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. The parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## **STATEMENT OF FACTS**

10. On or about November 22, 2021, Plaintiff (African American) began working for Defendant as a Store Manager.

11. During Plaintiff's employment with Defendant, Plaintiff received good performance evaluations, satisfactorily performed his essential and fundamental job functions and was an exemplary employee in all respects.

12. Beginning in August 2022, Plaintiff was discriminated against and harassed due to his race and color when the District Manager, Steve Beckman, began to visit Plaintiff's store more than the other stores that were managed by white employees. Mr. Beckman would also reprimand the Plaintiff publicly for things that Mr. Beckman did not reprimand Caucasian store managers for.

13. Plaintiff reported the that he was being discriminated against and harassed based on his race to Human Resources several times, but nothing was done.

14. Around this time, Plaintiff's co-worker began to express that they noticed Plaintiff was being treated differently than other managers.

15. On or about January 15, 2023, Plaintiff was diagnosed with RSV, and on January 19, 2023, Plaintiff was diagnosed with Acute Maxillary Sinusitis. Plaintiff gave Defendant his doctor's notes.

16. On or about February 9, 2023, Plaintiff was diagnosed with flu-like symptoms and a persistent cough. Again, Plaintiff gave Defendant his doctor's note.

17. On or about February 23, 2023, Plaintiff spoke to Arisena Guerro, Asset Protection Manager, regarding his complaints. Ms. Guerro advised the Plaintiff that she would investigate Plaintiff's complaint.

18. On or about February 24, 2023, Plaintiff was contacted by Beth Breeze, Loss Prevention District Manager, who informed Plaintiff that he was being investigated for leaving work early and not working his right schedule.

19. Plaintiff had been placed out of work by his physician. Plaintiff reminded Ms. Breeze of the staffing issues and that he had been hospitalized with flu-like symptoms and persistent cough.

20. On or about March 6, 2023, Plaintiff spoke with Ms. Guerron and Plaintiff expressed his concerns about retaliation and discrimination.

21. In April 2023, Plaintiff and several store associates contracted COVID-19. Plaintiff was tested on April 13, 2023 at Walgreens and presented to his primary doctor immediately after leaving Walgreen.

22. Several employees were out during this time. Plaintiff requested to temporarily alter the store hours to 9:00 a.m. to 7:00 p.m. because of being short staffed.

23. Plaintiff continued to work for several days, even though he had "comp days" due to the lack of staff available.

24. Plaintiff was hospitalized during this time due to COVID. Plaintiff notified his District Manager and Human Resources of his illness and that he had to go to the hospital again.

25. Other stores had been allowed to alter their hours, but Plaintiff's store was not.

26. The Caucasian store managers in the district had been allowed sick days and take off when they were sick, but Plaintiff was not.

27. On or about April 27, 2023, the Plaintiff received an email from Jessica Cano, Employee Relations, stating that the investigation was over and appropriate action had been taken, but Employee Relations was not able to communicate any corrective action taken as a result of the investigation.

28. On or about May 16, 2023, the Plaintiff was terminated, in retaliation for his reports of discrimination and harassment based on his race and color.

29. It was the duty of Defendant, by and through its agents, servants and/or employees, to prevent such acts of racial discrimination, detrimental treatment, and inappropriate behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

30. Despite his reporting of the behavior, Defendant did not take appropriate action to resolve the problems.

### FOR A FIRST CAUSE OF ACTION
### Violation of Title VII - Racial Discrimination

31. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

32. Plaintiff is a member of a protected group on the basis of his race. Plaintiff was retaliated against and terminated based on his race, color or national origin in violation of 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), and the Equal Employment Opportunity Act.

33. Defendant was wanton, reckless, willful and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a. In failing to continue to employ Plaintiff due to his race, color or national origin;

   b. In showing preferential treatment to white employees and detrimental treatment to Plaintiff; and

   c. In discharging Plaintiff due to his race, color or national origin and in retaliation for filing reports of discrimination and inappropriate behaviors.

34. That in failing to protect Plaintiff from racial discrimination, detrimental treatment and retaliation, Defendant acted with malice or reckless indifference to the federally protected rights set out under 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act.

35. Defendant violated 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act by allowing the racial discrimination, detrimental treatment and retaliation to exist in the workplace.

36. As a direct and proximate result of Defendant's discrimination and retaliation on the basis of race, color or national origin, Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

37. Defendant's employment discrimination and retaliation of Plaintiff has caused, continues to cause, and will cause Plaintiff to suffer substantial pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

38. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of the employment discrimination as alleged above.

39. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A SECOND CAUSE OF ACTION
**Violation of Title VII - Retaliation**

40. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

41. As alleged above, Plaintiff satisfactorily performed his essential and fundamental job functions and was an exemplary employee in all respects. Upon reporting the detrimental treatment and discrimination based on his race, color or national origin, Plaintiff was terminated from his position in retaliation for asserting his rights under 42 U.S.C. §1981 and Title VII of

Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act.

42. That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of 42 U.S.C. §1981 and Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act.

43. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of Defendant's retaliation as alleged above.

44. That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliation and was, in fact, retaliatory in nature.

45. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## **REQUEST FOR RELIEF**

46. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

47. Due to the acts of the Defendant, Plaintiff suffered great emotional and mental distress, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

48. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendant with back pay and associated benefits he would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against Defendant for embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6.       Judgment against Defendant, in such an amount of actual damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

*s/Matthew O. King*
Matthew O. King (Federal I.D. #13793)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
July 10, 2024.

6